18-2091-cr
*United States v. Biba*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:    JON O. NEWMAN,
            DENNY CHIN,
            JOSEPH F. BIANCO,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                           18-2091-cr

            v.

LLESH BIBA,

                    *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | ELIZABETH GEDDES, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York. |
| **FOR DEFENDANT-APPELLANT:** | MEGAN WOLFE BENETT, Kreindler & Kreindler LLP, New York, New York. |

JOYCE C. LONDON, Joyce C. London, P.C., New York, New York (*on the brief*).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for re-sentencing.

Llesh Biba appeals the judgment of the district court convicting him, after his plea of guilty, of conspiracy to commit two Hobbs Act robberies, in violation of 18 U.S.C. § 1951(a) (Counts One and Four), and the brandishing of a firearm in furtherance of one of those robbery conspiracies, in violation of 18 U.S.C. § 924(c)(l)(A)(ii) (Count Three). On appeal, Biba argues in part that his conviction under § 924(c) must be vacated because conspiracy to commit Hobbs Act robbery is not a "crime of violence" under the elements clause of that statute, § 924(c)(3)(A), and because the residual clause of that statute, § 924(c)(3)(B), is unconstitutionally vague. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Under 18 U.S.C. § 924(c), any person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to mandatory punishment. At the time of Biba's conviction, § 924(c)(3) provided two definitions for the "crime of violence" requirement under § 924(c)(1)(A): the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). Under the elements cause, a "crime of violence" is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Under the residual clause, a "crime of violence" is defined as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). The Supreme Court, however, has since held that § 924(c)(3)(B) is

2

unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Moreover, in the wake of *Davis*, this Court has held that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause. *See United States v. Barrett*, 937 F.3d 126, 129 (2d Cir. 2019).

Although conceding that Biba's § 924(c)(1)(A) conviction cannot be based upon his guilty plea to a conspiracy to commit Hobbs Act robbery in light of *Davis* and *Barrett*, the government argues that his firearms conviction is still valid under the elements clause. More specifically, the government asserts that, because the § 924(c) count to which Biba pled (Count Three) incorporates by reference both the conspiracy to commit robbery count (Count One) and the attempted robbery count (Count Two) from the superseding indictment, Biba's conviction is valid because attempted robbery is a "crime of violence" under the elements clause. And, notwithstanding that the district court dismissed the attempted robbery count pursuant to the government's plea agreement with Biba, the government argues that Biba allocuted to attempted robbery during his plea to the conspiracy and firearms counts, and that such allocution provides a valid predicate "crime of violence" for the purposes of his § 924(c) conviction.

As a threshold matter, although we have held that substantive Hobbs Act robbery qualifies as a "crime of violence" under the elements clause, *see United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018), we have never decided whether attempted Hobbs Act robbery is a "crime of violence" under the elements clause. However, even assuming *arguendo* that attempted Hobbs Act robbery remains a "crime of violence," we find the government's argument must fail because Biba did not allocute to the elements of attempted robbery during his guilty plea. In particular, in connection with Count One, Biba admitted that: "on August 17, 2006, I agreed with others to be involved in a robbery of a labor union official at his home on Staten Island." Gov't App. at 33-34. Biba further acknowledged that his "job was to be a driver of a get-away car" and that he "knew what [he] was doing was illegal." *Id.*

3

at 34. Moreover, in connection with the § 924(c) count (Count Three), Biba admitted only that he was "aware that one of the participants in the Staten Island robbery took a gun with him to do the robbery," that he "assisted in the robbery by agreeing to act as the get-away driver," "that it was illegal to do this," and that he could foresee that a co-conspirator could brandish the gun during the robbery. *Id.* at 36-38. Therefore, although he admitted that he *agreed* to be the get-away driver, Biba did not state at any point during his allocution that he *was* the get-away driver or that he took any step towards the commission of the robbery. *See United States v. Davis*, 689 F.3d 179, 187 (2d Cir. 2012) ("Attempt is an inchoate offense, requiring that a defendant have taken a "'substantial step" in furtherance of the intended crime' to support conviction." (quoting *United States v. Farhane*, 634 F.3d 127, 146-47 (2d Cir. 2011))). Accordingly, because Biba only allocuted to a Hobbs Act robbery conspiracy as it relates to the § 924(c) count, Biba's § 924(c) conviction must be vacated under *Davis*, and Biba must be re-sentenced on the remaining counts of conviction (which Biba does not challenge on appeal).[1]

For the foregoing reasons, we VACATE the conviction on Count Three, we AFFIRM the conviction on Counts One and Four, the judgment of the district court is VACATED, and the case is REMANDED for re-sentencing on the remaining counts.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] At oral argument, the government stated that it would not seek to enforce the appeal waiver provision in Biba's plea agreement were we to conclude that the guilty plea to Count Three was not valid in light of *Davis*.

[2] Given our decision to vacate the conviction on Count Three and remand for re-sentencing, we need not address Biba's remaining arguments on appeal – namely, (1) that the alterations in Count Three in the superseding indictment, after the government filed for Biba's extradition from Canada based on the original indictment, divested the district court of jurisdiction under the rule of specialty, and (2) that the district court's sentence was procedurally unreasonable.